IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD EATON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-3043 |
| | § | |
| PLAZA RECOVERY, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is a case arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff Clifford Eaton alleged that the defendant, Plaza Recovery Inc., a debt collection service, violated the FCRA when it obtained his credit reports. (Docket Entry No. 1). Eaton, who is currently incarcerated in federal prison and proceeding pro se, contends that Plaza Recovery willfully and negligently violated the FCRA because the company did not have an FCRA-permissible purpose for seeking the reports. Plaza Recovery has moved for summary judgment against Eaton's claim, arguing that it obtained his credit report for the permissible purpose of collecting a debt Eaton owed. (Docket Entry No. 18).

Attached to Plaza Recovery's motion for summary judgment is the declaration of Paul Brennan, the Vice-President of Plaza Recovery at the time the company requested Eaton's credit reports. (*Id.*, Ex. A). Brennan stated in the declaration that on June 6, 2012, Department Store National Bank ("DNSB") informed Plaza Recovery that Eaton maintained an account with DNSB with an outstanding debt of $837.81. (*Id.*, Ex. A at ¶¶ 4–5). DNSB hired Plaza Recovery to collect the debt. (*Id.*, Ex. A at ¶ 5). The following day, Plaza Recovery requested a copy of Eaton's credit

report from credit reporting agencies Trans Union and Experian to assist in collecting the debt. (*Id.*, Ex. A at ¶ 7).

Eaton has moved to strike Brennan's declaration on the ground that it violates the best evidence rule, FED. R. EVID. 1002. (Docket Entry No. 21). Eaton responded to Plaza Recovery's motion for summary judgment, contending that without Brennan's declaration, there is no summary judgment evidence showing that Eaton had an account or outstanding debt with DNSB. (Docket Entry No. 22). Without such evidence, according to Eaton, Plaza Recovery cannot prove that it accessed his credit reports for a permissible purpose.

Based on the pleadings, the motion and response, the record, and the applicable law, this court denies Eaton's motion to strike Brennan's declaration and grants Plaza Recovery's motion for summary judgment. The reasons for these rulings are set out below.

## I.    The Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. PROC. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." FED. R. CIV. PROC. 56(c)(1)(A). "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012)

(citing Celotex, 477 U.S. at 323).  If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56[] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.*  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Id*. (internal quotation marks omitted).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371.

**II.    Analysis**

"Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system

3

and to protect consumer privacy." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). The FCRA allows credit reporting agencies such as Trans Union and Experian to provide consumer reports because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. §1681(a). The Act seeks to protect consumer privacy by requiring credit reporting agencies to provide credit reports only for certain statutorily permissible purposes. *TRW Inc.*, 534 U.S. at 23 (citing 15 U.S.C. §§ 1681e(a), 1681b (1994 ed.)). The FCRA imposes civil liability on a person who willfully or negligently obtains a consumer report for a purpose the FCRA does not authorize. *Norman v. Northland Grp.*, 495 F. App'x. 425, 426 (5th Cir. 2012) (citing 15 U.S.C. §§ 1681b(f), 1681n(a)).

Plaza Recovery contends that it had a permissible purpose for seeking Eaton's credit report under 15 U.S.C. § 1681b(a)(3)(A). This provision allows a consumer reporting agency to provide a report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account of[] the consumer." *Id.* Courts considering whether a debt collector violated the FCRA by seeking a person's credit report have applied this standard. *See Norman*, 495 F. App'x at 426; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010); *Gonzalez v. Cont'l Serv. Grp.*, No. 4:12–CV–553–A, 2013 WL 3810811, at * (N.D. Tex. July 23, 2013).

Eaton concedes that attempting to collect a debt is a permissible purpose for obtaining a credit report. (Docket Entry No. 22 at ¶ 13).

Eaton argues that Plaza Recovery is not entitled to summary judgment because it has not presented admissible evidence showing that he owed DSNB any money. He argues that Brennan's

declaration, which is the only evidence showing that Eaton had an outstanding debt with DSNB, is inadmissible under the best evidence rule, FED. R. EVID. 1002. That rule provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." *Id.* Without Brennan's declaration as evidence, Eaton argues that Plaza Recovery cannot provide evidence verifying, validating, or "proving up" the debt. *See Gonzalez*, 2013 WL 3810811, at *3.

Eaton's argument fails because the FCRA does not requires a debt collector to verify, validate, or "prove up" a person's debt before seeking a credit report. *Id.* To show compliance with the FCRA, Plaza Recovery must show that it sought the credit reports for a permissible purpose, which includes using the information to aid in collecting a debt. 15 U.S.C. § 1681b(a)(3)(A); *see also Norman*, 495 F. App'x at 426; *Pintos*, 605 F.3d at 674; *Gonzalez*, 2013 WL 3810811, at *2. Brennan's declaration shows that Plaza Recovery sought Eaton's credit reports for this permissible purpose. The declaration is admissible to prove the company's intent. The declaration does not violate the best evidence rule. Plaza Recovery is not using it to prove that Eaton owed a debt to DNSB. Rather, the motion to strike is denied and the motion for summary judgment is granted. Plaza Recovery submits the declaration as evidence of the information it had and its intent in seeking the report.

### III. Conclusion

Eaton's motion to strike Brennan's declaration, (Docket Entry No. 21), is denied. Plaza Recovery's motion for summary judgment, (Docket Entry No. 18) is granted. Eaton's motion to amend the scheduling order, (Docket Entry No. 17), and motion for an extension of time to file the joint pretrial order and motions in limine, (Docket Entry No. 24), are denied as moot.

Final judgment is separately entered.

SIGNED on January 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge