IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD EATON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-3043 |
| | § | |
| PLAZA RECOVERY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

On January 3, 2014, this court entered a final judgment dismissing all claims the plaintiff, Clifford Eaton, asserted against the defendant, Plaza Recovery, Inc. (Docket Entry No. 28). On January 17, 2013, Plaza Recovery timely submitted a bill of costs in the amount of $450. (Docket Entry Nos. 29, 30). Plaza Recovery asks this court to tax Eaton for amounts spent on printing and copying in this case. Eaton objected, contending that "Plaza Recovery has not provided sufficient itemization of expenses for the costs claimed, nor met its burden of showing necessity." (Docket Entry No. 33 at 2). Based on the parties' submissions and the record, the court sustains Eaton's objections and denies Plaza Recovery's motion to recover costs.

**I.     The Applicable Law on Costs**

Federal Rule of Civil Procedure 54(d)(1) states, in relevant part, that unless otherwise provided, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(D)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). Even if a federal statute does not specifically authorize recovery of costs

in a particular case, "Rule 54(d)(1) independently authorizes district courts to award costs to prevailing parties" unless a statute or rule precludes recovery. *Id.* at 1174 n.5. However, the rule "does not *require* courts to award costs to prevailing [parties]." *Id.* at 1178 n.9 (emphasis in original). Rather, it gives the court discretion based on the circumstances each case presents.

While courts should award costs, 28 U.S.C. § 1920 limits recovery to enumerated types of costs. A party may tax as costs "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3), (4); *Mota v. Univ. of Tex.*, 261 F.3d 512, 529 (5th Cir. 2001). Though copying costs may be recovered when copies are obtained for use in the case, plaintiffs must verify that the particular copies were "necessarily obtained for use in the case." *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). This is usually done by submitting an affidavit attesting that the amount claimed is correct and that the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924; *see also Alexander v. City of Jackson*, 456 F. App'x 397, 402 (5th Cir. 2011) (affirming the denial of costs when counsel failed to explain why the copies were necessary).

If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) (stating that "in the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case"). An objection shifts the burden. The party seeking costs must show that the costs were necessary. *Jerry v. Fluor Corp.*, No. 10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

**II.     Analysis**

In this case, Plaza Recovery provided insufficient documentation showing that the costs it seeks to recover for printing and copying were actually and necessarily incurred. Plaza Recovery submitted the affidavit of the attorney who represented it in this case. (Docket Entry No. 30, Ex. 3). The affidavit states that Plaza Recovery incurred "extensive costs for printing expenses and making copies of material to be used in this case" and that such costs were "actually and necessarily" incurred. (*Id.* at ¶ 5). The affidavit does not explain: (1) how many copies Plaza Recovery made; (2) the cost of each copy; (3) whether Plaza Recovery actually used the copies; or (4) why the copies were necessary. The court is unable to determine from the documents Plaza Recovery submitted whether the copies were actually and "necessarily obtained for use in the case." *Gagnon*, 607 F.3d at 1045. Plaza Recovery has not met its burden of establishing that it is entitled to costs.

**III.    Conclusion**

The court sustains Eaton's objections to Plaza Recovery's bill of costs. Plaza Recovery's motion for costs, (Docket Entry No. 30), is denied.

SIGNED on February 20, 2014, at Houston, Texas.

                                                Lee H. Rosenthal
                                              United States District Judge