# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD EATON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-3043 |
| | § | |
| PLAZA RECOVERY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Clifford Eaton, has moved under Federal Rule of Civil Procedure 59(e) to alter or amend this court's final judgment dismissing his lawsuit against Plaza Recovery, a debt-collection firm.  Eaton alleged that Plaza Recovery violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, by seeking his credit report without a statutorily permitted purpose.  Plaza Recovery moved for summary judgment dismissing Eaton's claim.  (Docket Entry No. 18).  In support of its motion, Plaza Recovery attached the declaration of Paul Brennan, who was the company's vice-president when it asked for Eaton's credit report.  (*Id.*, Ex. A).  Brennan stated in the declaration that on June 6, 2012, Department Store National Bank ("DNSB") informed Plaza Recovery that Eaton had an account with DNSB with an outstanding debt of $837.81.  (*Id.*, Ex. A at ¶¶ 4–5).  DNSB hired Plaza Recovery to collect the debt.  (*Id.*, Ex. A at ¶ 5).  Plaza Recovery requested a copy of Eaton's credit report from two credit-reporting agencies, Trans Union and Experian.  (*Id.*, Ex. A at ¶ 7).  Eaton responded to the

summary-judgment motion and moved to strike Brennan's declaration on the ground that it violated the best-evidence rule, FED. R. EVID. 1002. (Docket Entry Nos. 21, 22). Eaton argued that without the declaration, there was no summary-judgment evidence showing that he had an account or outstanding debt with DNSB and Plaza Recovery could not prove a permissible purpose for accessing his credit report. This court ruled that Brennan's declaration did not violate the best-evidence rule. (Docket Entry No. 27). Relying on the declaration, the court granted Plaza Recovery's summary-judgment motion and dismissed the case, with prejudice. In seeking to amend or alter the judgment, Eaton contends that the court's consideration of the declaration was a "manifest error" of law. Based on the pleadings, the motion and response, the record, and the relevant law, the court denies Eaton's motion to alter or amend the judgment. The reasons are explained below.

## I.        The Rule 59(e) Standard

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Phys.*

*Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  Rule 59(e) "may not be used to relitigate old

matters, or to raise arguments or present evidence that could have been raised prior to the entry

of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES

A. WRIGHT ET AL. FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed.1995)).  "A

Rule 59(e) motion is not a 'vehicle for rehashing evidence, legal theories, or arguments that

could have been offered or raised before the entry of judgment' but instead has a 'narrow

purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence.'" *Baldwin v. Layton,* 300 F. App'x 321, 323–24 (5th Cir. 2008) (quoting

*Templet*, 367 F.3d at 479 (5th Cir. 2004)).

## II.    Analysis

Eaton's Rule 59(e) motion seeks to "relitigate old matters" that this court has already

addressed.  Eaton presents no new evidence or change in the law.  He instead argues that the

court's ruling that Brennan's declaration was admissible to establish that Plaza Recovery had a

permissible purpose for seeking Eaton's credit report was manifest error.  This court considered

and rejected Eaton's legal argument in ruling on the summary-judgment motion and the motion

to strike Brennan's declaration.  (*See* Docket Entry No. 27 at 5).

Eaton's motion fails on other grounds as well.  The issues in this case were whether Plaza

Recovery sought Eaton's credit report for a permissible purpose and whether it provided

adequate evidence of that purpose.  As to the first issue, obtaining a credit report to aid in

collecting a debt is a permissible purpose under the FCRA. The FCRA allows credit reporting

agencies such as Trans Union and Experian to provide consumer reports because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). The Act seeks to protect consumer privacy by requiring credit-reporting agencies to provide credit reports only for certain statutorily permissible purposes. *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (citing 15 U.S.C. §§ 1681e(a), 1681b (1994 ed. and Supp. V)). The FCRA imposes civil liability on a person who willfully or negligently obtains a consumer report for a purpose that the FCRA does not authorize. *Norman v. Northland Grp.*, 495 F. App'x. 425, 426 (5th Cir. 2012); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010); *Gonzalez v. Cont'l Serv. Grp., Inc.*, 12-cv-553, 2013 WL 3810811, at *2 (N.D. Tex. July 23, 2013). The summary-judgment evidence, including the Brennan declaration, showed that Plaza Recovery had a permissible purpose for seeking Eaton's credit report.

As to the second issue, the summary-judgment evidence was competent and uncontroverted. Eaton argued that the best-evidence rule barred the court from considering Brennan's declaration as proof that Plaza Recovery sought his credit report for a permissible purpose. The best-evidence rule provides that "[a]n original writing . . . is required in order to prove its contents unless the[] rules or a federal statute provides otherwise." FED. R. EVID. 1002. Brennan's declaration provided an adequate predicate for this court to consider it. Eaton also argued that Plaza Recovery was required to prove that he owned an account with DSNB and that DSNB referred it to collection. Courts within the Fifth Circuit relying on Fifth Circuit caselaw

4

do not require a debt collector such as Plaza Recovery to prove that the debtor owned the account at issue or that the account was referred to collection.  *See Gonzalez v. Midland Funding, LLC*, No. 13-cv-050, 2013 WL 1291802 at *6 (N.D. Tex. Mar. 29, 2013) (citing *Norman*, 495 F. App'x at 425) (rejecting a similar argument and stating that there is "no requirement under FCRA that a consumer establish an account with a debt collector for the debt collector to obtain a consumer credit report for collection purposes." (internal quotations omitted)); *Gonzalez.*, 2013 WL 3810811, at *2 (same).[1]

Eaton concedes that Plaza Recovery had no duty to verify, validate, or "prove up" the debt.  *See Gonzalez*, 2013 WL 3810811, at *2.  He argues that Plaza Recovery was required to prove that he had an account with DSNB and that DSNB referred the account for collection.  The problem with this argument is that there is no meaningful difference between verifying, validating, or proving up a debt and proving that the account related to the debt existed and that the debt was referred for collection.  When Eaton asserts that Plaza Recovery was required to verify that he had an account with DSNB and that DSNB referred the account to Plaza Recovery, he is asserting that Plaza Recovery was required to verify, validate, or prove up the debt.  As noted above, there is no such requirement.  The distinction he attempts to draw is one without a difference.  The absence of any need for Plaza Recovery to prove that Eaton owed the debt that was the subject of the collection effort is another reason the best-evidence rule does not apply.

---

[1]  Eaton points the court to an unpublished case from the Northern District of Indiana, *Knox v. Weltman, Weinberg & Reis Co., L.P.A.*, 12-cv-223, 2013 WL 3338311 (N.D. Ind. June 28, 2013).  *Knox* denied a debt-collector's summary-judgment motion in an FCRA case because the debt collector did not submit evidence showing that the plaintiff owned an account with the creditor or that the plaintiff owed a debt.  *Knox* is distinguishable from the present case because the court assumed that the debt collector was required to verify or prove the existence of the plaintiff's debt.  Because the debt collector did not verify the debt, summary judgment was inappropriate.  *Id.* at *6.  For the reasons recognized by the *Gonzalez* court, there was no need for Plaza Recovery to verify the existence of Eaton's debt or his ownership of the DSNB account.  *Knox* does not require or weigh in favor of a different result.

Plaza Recovery was required to, and did, show with competent and uncontroverted summary-judgment evidence that it sought Eaton's credit report for a permissible purpose.

**III.    Conclusion**

Eaton's Rule 59(e) motion to alter or amend the final judgment, (Docket Entry No. 32), is denied.

SIGNED on May 28, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge